|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |

KAY LAFLAMME and ROBERT LAFLAMME,

        Plaintiffs,

    v.

SAFEWAY, INC.

        Defendant.

3:09-cv-00514-ECR-VPC

**ORDER**

September 2, 2010

The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-4. Before the court is Kay and Robert Laflamme's ("plaintiffs") motion to strike Safeway's[1] ("defendant") designation of rebuttal witnesses and to exclude such witnesses at trial (#40).[2] Defendant opposed (#42), and plaintiffs replied (#43).

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs allege that defendant's negligent placement of a pallet in a walkway caused Kay Laflamme to fall resulting in general damages in excess of $75,000, undetermined medical expenses, and past and future loss of earnings in excess of $75,000 (#1, pp. 2-3). Additionally, plaintiffs claim that as a result of Kay Laflamme's injuries, her husband Robert Laflamme suffered loss of companionship, support, and comfort in excess of $75,000. *Id.* at 3. The relevant facts regarding the instant discovery dispute are as follows:

- On November 9, 2009, the court granted parties' proposed discovery plan and scheduling order (#18), which provided the following discovery schedule (#19):

    -June 10, 2010: discovery due

---

[1] Plaintiffs' complaint lists Does I through XXX as defendants (#1). Plaintiffs have not yet amended their complaint to include additional defendants by name. Defendant filed a third party complaint naming Retail Marketing Solutions, Inc. as a third party defendant (#6).

[2] Refers to the court's docket numbers.

       -April 12, 2010: expert witness disclosure due

       -May 11, 2010: rebuttal expert witness disclosure due

       -July 9, 2010: dispositive motions due

       -August 9, 2010 or thirty days after decision on any pending dispositive motions: joint pretrial order due

- On April 14, 2010, parties agreed to delay the initial disclosure of experts to accommodate the schedule of Dr. James Sobiek, defendant's expert. Parties agreed the initial disclosure of experts would occur after Dr. Sobiek's examination of Kay Laflamme on April 26, 2010, allowing enough time for Dr. Sobiek to prepare a written report.

- On April 30, 2010, plaintiffs designated expert witnesses Kimberly A. Van Dyck and Gilbert R. Coleman, and also named several unretained experts.

- On May 4, 2010, defendant designated expert witness Dr. James Sobiek.

- On May 17, 2010, the court held a discovery status conference with the parties and directed the parties to file a notice regarding their expert witness proposals by May 21, 2010.

- On May 21, 2010, defendant requested an extension of the discovery period by sixty days (#32).

- On May 27, 2010, the court granted in part defendant's motion for an extension of the discovery period and updated the discovery schedule (#34) as follows:

       -July 26, 2010: discovery due

       -May 28, 2010: expert witness disclosure due

       -June 28, 2010: rebuttal expert witness disclosure due

       -August 26, 2010: dispositive motions due

       -September 27, 2010 or thirty days after decision on any pending dispositive motions: joint pretrial order due

- On June 22, 2010, defendant designated expert rebuttal witnesses James Wilcher and Thomas F. Cargill.

- On July 20, 2010, plaintiffs filed a motion to strike defendant's designation of rebuttal expert witnesses and to exclude such witnesses from testifying at trial (#40).

- On August 6, 2010, defendant opposed plaintiffs' motion to

2

1  strike (#42).

2  • On August 16, 2010, plaintiffs replied to defendant's opposition to plaintiffs' motion to strike (#43).

## II. LEGAL DISCUSSION

**A.    Discussion**

    **1.    Fed. R. Civ. P. 26**

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of experts. In relevant part, it provides:

> (A) [A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.
>
> (C) A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial; or (ii) if the evidence is intended *solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)*, within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(A), (C) (emphasis added). A rebuttal expert may only testify after the opposing party's initial expert witness testifies. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawaii 2008). Specifically, rebuttal expert testimony must address the "same subject matter" identified by the initial expert. Fed. R. Civ. P. 26(a)(2)(C)(ii); *Lindner*, 249 F.R.D. at 636. In other words, "'[a] rebuttal expert report is not the proper place for presenting new arguments.'" *Trowbridge v. United States*, 2009 WL 1813767 at *11 (D. Idaho June 25, 2009) (quoting *Ebbert v. Nassau County*, 2008 WL 4443238 at *13 (E.D.N.Y. Sept. 26, 2008)(internal quotation marks omitted).

    **2.    Fed. R. Civ. P. 37**

Federal Rule Civil Procedure 37(c) governs failures to disclose or to supplement an earlier response. It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

3

1  Fed. R. Civ.P. 37(c)(1).

2      The court has broad discretion to impose any listed sanction or any other sanction it deems
3  appropriate. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001)
4  (noting that imposition of particular sanctions under Rule 37 "gives teeth" to disclosure requirements
5  of Rule 26).

### III. ANALYSIS

    Plaintiffs claim that defendant "sandbagged" them by designating rebuttal expert witnesses, who should have been characterized as initial expert witnesses (#40, p. 3). As a result, plaintiffs ask this court to prohibit Dr. Cargill and Mr. Wilcher from testifying at trial. Plaintiffs assert that defendants cannot demonstrate the failure to designate these experts initially is harmless or substantially justified. *Id.* at 4.

**A.    Plaintiffs' Motion to Strike Defendant's Designation of Rebuttal Expert Witnesses**

    Plaintiffs argue that defendants should have disclosed their rebuttal expert witnesses as initial experts because the issues about which the rebuttal expert witnesses intend to testify are central to the case.[3] In other words, plaintiffs believe that because their case alleges past and future income loss, defendants should have disclosed Dr. Cargill and Mr. Wilcher on May 28, 2010. Defendant's view is that their rebuttal witnesses respond to the assumptions and calculation methods plaintiffs' vocational rehabilitation and economic experts employed and that their testimony is rebuttal expert witness testimony because it is within the scope of the evaluations the initial expert witnesses provided.

    Plaintiffs point to Fifth Circuit case law to supply a description of rebuttal expert witnesses. "A defense witness whose purpose is to contradict an expected or anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal expert' or anything analogous to one." *Morgan v. Commercial Union Assurance Companies*, 606 F.2d 554, 555 (5th Cir. 1979). Rather, the Fifth Circuit explains, the "purpose of rebuttal and supplementary disclosures is just that–to rebut

---

[3] Parties do not dispute that defendant met the court's deadline for disclosure of rebuttal expert witnesses. Rather, plaintiffs argue that defendants should have disclosed its rebuttal experts as initial expert witnesses by the initial expert witness disclosure deadline of May 28, 2010.

4

and to supplement." *Id.* Plaintiffs rely on this guidance to argue that defendant's expert witnesses cannot possibly be considered rebuttal experts because the complaint raised past and future income loss as a central issue. However, plaintiffs reach too far in applying this general rule of law.

While it is true that defendants would not be permitted to designate rebuttal expert witnesses to introduce new testimony and opinions, a comparison of the initial and rebuttal expert witness reports reveals that the rebuttal witnesses address the initial experts' assertions by questioning their assumptions and methods, not by presenting new facts about plaintiffs.[4] The Federal Rules of Civil Procedure and this court's discovery schedule anticipate such a response to initial expert witness reports. As long as defendant's rebuttal expert witnesses speak to the same subject matter the initial experts addressed and do not introduce novel arguments, their testimony is proper under Federal Rule of Civil Procedure 26(a)(2)(C) and related case law from District Courts in this circuit. *See Lindner*, 249 F.R.D. at 636; *Trowbridge*, 2009 WL 1813767 at *11.

Defendant's rebuttal experts reviewed the initial expert witness reports, among other materials, and developed their own reports in response. For example, Dr. Cargill, defendant's rebuttal economist, evaluated the loss calculations provided by plaintiffs' expert economist, Gilbert Coleman, by questioning Dr. Coleman's assumed wage growth rates and his discount rate (#46, Exhibit 1, p. 3). Mr. Wilcher, defendant's rebuttal vocational rehabilitation specialist, rebuts plaintiffs' expert by noting that she based her assumptions upon a generic pre-injury job description rather than an actual pre-injury description provided by Kay Laflamme's previous employer (#46, Exhibit 2, p. 4). Contradicting expert opinions, questioning methodology, and opining on methods and facts plaintiffs' experts did not consider are precisely the type of rebuttal testimony the court would expect.

---

[4] The *Morgan* case upon which plaintiffs rely involved a dispute about whether the plaintiff had a preexisting back condition. The court ruled that defendants could not characterize as rebuttal expert testimony the opinion of a physician who treated the plaintiff prior to injury for a preexisting back condition. Similarly, this court would not allow defendants to introduce "rebuttal" expert witness testimony from a vocational specialist who worked with Kay Laflamme prior to her injuries to show that she possesses job skills applicable to a range of positions that will prevent her from suffering future income loss. However, that is not the case here. Defendant seeks to introduce rebuttal testimony not to question the existence of a key element of the plaintiffs' case–whether or not Kay Laflamme suffered losses–but rather to question the method of calculation and assumptions relied upon by plaintiffs' experts.

5

For the foregoing reasons, the court denies plaintiffs' motion to strike defendant's designation of rebuttal expert witnesses and to exclude such witnesses at trial (#40).

### III. CONCLUSION

Defendant timely disclosed the identity of its rebuttal experts and their reports appropriately respond to expert opinions provided in plaintiffs' initial expert witness reports.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to strike defendant's designation of rebuttal witnesses and to exclude such witnesses at trial (#40) is **DENIED**.

**IT IS FURTHER ORDERED** that the September 7, 2010, hearing on this motion is hereby **VACATED**.

**DATED**: September 2, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**