UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| KAY LAFLAMME and ROBERT LAFLAMME, wife and husband,<br><br>    Plaintiffs,<br><br>vs.<br><br>SAFEWAY INC., a Delaware Corporation, JOHN DOES I-XXX,<br><br>    Defendants.<br>_____<br>SAFEWAY INC., a Delaware Corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>RETAIL MARKETING SOLUTIONS, INC., a California Corporation,<br><br>    Third Party Defendant. | 3:09-CV-514-ECR-VPC<br><br>**Order** |

    This diversity action arises out of an incident wherein Plaintiff Kay LaFlamme ("Kay") fell over a pallet, a flat transport structure that supports goods, while she was working at a Safeway store in the capacity of a vendor. Plaintiffs in this case are Kay and her partner, Robert LaFlamme ("Robert"). Plaintiffs assert two claims for relief. Kay asserts a claim for negligence and Robert for loss of consortium. Defendant and third party plaintiff is Safeway, Inc. ("Safeway"), a Delaware Corporation. Third party

defendant is Retail Marketing Solutions, Inc., a California corporation.

Now pending are Safeway's "Motion for Partial Summary Judgment As To The Loss of Consortium Claim of Plaintiff Robert LaFlamme" (#48) and Safeway's "Motion for Summary Judgment As To The Claim of Plaintiff Kay LaFlamme" ("MSJ") (#49).

## I. Factual and Procedural Background

Kay is a former employee of Merchandising Services, Inc. ("MSI"). (Kay LaFlamme Dep. 15:6-9) (#49-1).) Kay worked for MSI as a team leader for a merchandise display group. (Id.) The incident that gave rise to the present action took place on or about September 21, 2007 at a Safeway supermarket in Susanville, California, while Kay was working for MSI as a vendor for Safeway. (Compl. ¶ V (#1).) On that day, Kay tripped over a pallet that had been placed in a Safeway aisle while walking backwards, pulling a gravity-feed soup dispensing system. (Kay LaFlamme Dep. 97:23-25 (#49-1).) As a result, Kay sustained injuries.

On September 3, 2009, Plaintiffs filed the complaint (#1) in this action. On August 26, 2010, Safeway filed a "Motion for Partial Summary Judgment As To The Loss of Consortium Claim of Plaintiff Robert LaFlamme" (#48) and a "Motion for for Summary Judgment As To The Claim of Plaintiff Kay LaFlamme" (#49). Plaintiffs opposed (## 53 and 52) the motions. No replies have been filed.

2

## II. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. N.W. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form — namely, depositions, admissions, interrogatory answers, and affidavits — only evidence which might be admissible at trial may be considered

3

by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

### III. Discussion

#### A. Choice of Law

Safeway contends that California law applies to Kay's negligence claim. Plaintiffs contend that the choice of law issue is a "false conflict" because "there is no significant difference

4

between the substantive law of California and Nevada . . . ." (Ps.' Opp. To MSJ at 3 (#52).) Safeway takes no position regarding whether California or Nevada law applies to Robert's loss of consortium claim. Plaintiffs contend that Nevada law applies.

A district court sitting in diversity applies the choice of law rules of the forum state. Cleary v. News Corp., 30 F.3d 1255, 1265 (9th Cir. 1994). Therefore, Nevada's conflict of law rules govern whether Nevada or California law governs Plaintiffs' claims. Klaxon Co. v. Stentor Electric Mfg., 313 U.S. 487, 496 (1941). The Nevada Supreme Court has held that the "most significant relationship test [described in the Restatement (Second) of Conflict of Laws § 145 (1971)] governs choice of law issues in tort actions unless another, more specific section of the Second Restatement applies to the particular tort." Gen. Motors Corp. v. Eighth Judicial Dist. Court, 134 P.3d 111, 116 (Nev. 2006).

a. Choice of Law: Negligence Claim

Section 146 of the Second Restatement "provides a particularized framework for analyzing choice-of-law issues in personal injury cases." Id. at 117. Under section 146, "the rights and liabilities of the parties are governed by the 'local law of the state where the injury occurred' unless 'some other state has a more significant relationship' to the occurrence under the principles stated in section 6." Id. (quoting Restatement (Second) of Conflict of Laws § 146). The Nevada Supreme Court has held that the "general rule in section 146 requires the court to apply the law of the state where the injury took place." Id. Therefore, "in order for the analysis to move past this general rule and into the section

6 principles, a party must present some evidence of a relationship between the nonforum state, the occurrence giving rise to the claims for relief, and the parties. If no evidence is presented, then the general rule of section 146 governs." Id.

In this case, the injury at issue took place in California. The parties present no evidence that Nevada law should govern this claim. Therefore, California law governs Plaintiffs' negligence claim.

### 1. Negligence Claim

Safeway's motion for summary judgment is based on "a complete defense, Open and Obvious condition, and is based upon Plaintiff being unable to establish an element of plaintiff's claim which is duty." (MSJ at 8 (#49).) Safeway contends that the pallet was an open and obvious danger based on the following evidence: The pallet itself is wooden, has slats and is four feet by four feet. (Kay Laflamme Dep. 59:5-15 (#49-1).) There was nothing blocking the pallet from view or hiding it; the pallet was slightly to the right of center of the aisle. (Id. 60:3-7.) Kay claims she was looking over her left and right shoulder as she walked backwards. (Id. 97:23-25.) Safeway claims that the "simple fact that Plaintiff was walking backward does not alter [the circumstance that the danger was open and obvious]." (MSJ at 10 (#49).)

Plaintiffs claim that the issue of whether the pallet posed an open and obvious danger is a jury question. In the alternative, Plaintiffs contend that even if the pallet was open and obvious, Defendants are still negligent for creating the danger in the first place. We note that Plaintiffs also assert that Safeway has cherry

6

picked facts in their motion, leading to distortion of the truth. In support of Plaintiffs' opposition to Safeway's motion, Plaintiffs attach the entirety of Kay's deposition to their opposition without citing any page or line number that could possibly illustrate the alleged distortion or provide a clearer picture of the events in question. Under Ninth Circuit law, "when a party relies on deposition testimony in a summary judgment motion without citing to page and line numbers, the trial court may in its discretion exclude the evidence." Orr v. Bank of America, NT & SA, 285 F.3d 764, 775 (9th Cir. 2002). We decline to read the entirety of Kay's deposition in an attempt to identify possible distortions. Because Plaintiffs cite to no other evidence, we will consider only the parts of the deposition cited by Defendant in deciding whether Safeway has carried their burden of showing an absence of material issues of fact.

"In order to establish [premises] liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages." Ortega v. Kmart Corp., 36 P.3d 11, 14 (Cal. 2001) (citations omitted). Generally, "if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition." Krongos v. Pacific Gas & Electric Co., 9 Cal. Rptr. 2d 124, 127 (Cal. Ct. App. 1992). Nevertheless, "that the hazard [i]s open and obvious [does] not relieve [a] defendant of all possible duty, or breach of duty, with respect to it." Martinez v. Chippewa Enters., Inc., 18 Cal. Rptr. 3d 152, 155 (Cal. Ct. App. 2004). "[I]t is foreseeable that even an obvious danger may cause

7

1  injury, if the practical necessity of encountering the danger, when
2  weighed against the apparent risk involved, is such that under the
3  circumstances, a person might choose to encounter the danger."
4  <u>Krongos</u>, 9 Cal. Rptr. 2d at 127. "The foreseeability of injury, in
5  turn, when considered along with various other policy considerations
6  such as the extent of the burden to the defendant and consequences
7  to the community of imposing a duty to remedy such danger may lead
8  to the legal conclusion that the defendant owed a duty of due care
9  to the person injured." <u>Id.</u> at 127-28.
10     In this case, neither the size of the pallet nor its
11 positioning are dispositive. A pallet is moveable and one could
12 infer that the pallet was placed in Kay's pathway in the seconds
13 before her fall. The context in which Plaintiff encountered the
14 pallet is unclear from the deposition testimony cited by Defendants.
15 Thus, we cannot say as a matter of law that the pallet was so
16 obvious that a person could reasonably be expected to see it. <u>Id.</u>
17 at 127. Thus, Safeway's motion for summary judgment is denied with
18 respect to the issue of the openness and obviousness of the danger.
19 Defendants also contend that the open and obviousness of a danger
20 obviates any duty to the Plaintiff. As noted above, "that the
21 hazard [i]s open and obvious [does] not relieve [a] defendant of all
22 possible duty, or breach of duty, with respect to it." <u>Martinez</u>, 18
23 Cal. Rptr. 3d at 155. Thus, we likewise reject Safeway's
24 alternative basis for summary judgment.
25     b. Choice of Law: Loss of Consortium
26     Because no more specific section of the Second Restatement
27 applies to loss of consortium claims, the multifactor analysis in
28

8

the Restatement (Second) Conflict of Laws, § 145 applies. <u>Gen. Motors Corp.</u>, 134 P.3d at 116. Under section 145, "the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Restatement (Second) Conflict of Laws, § 145. Contacts to be considered include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." <u>Id.</u> § 145(2)

The first factor we consider is the place where the injury occurred. California is where the alleged injury to Kay occurred, but Nevada is where injury to Plaintiffs' relationship occurred because the loss of consortium took place in Nevada, where Plaintiffs live, not California. Because Nevada is where Plaintiffs live, Nevada is where the damage to the relationship of plaintiffs was experienced. The second factor is the place where the conduct causing the injury occurred. That was California. Third, is domicile, residence, and place of business and incorporation of the parties. Plaintiffs' residence and domicile is Nevada. The defendants are incorporated in Delaware. For the purposes of a claim of loss of consortium, however, the residence and domicile of plaintiffs is the more relevant situs since it is the place of the consortium of plaintiffs. California's interests are non existent in the personal relationship between two Nevada residents who live

9

in Nevada. Finally, the last factor is where the relationship between the parties is centered. In this case, the center of relationship for the loss of consortium is in Nevada.

Thus, we conclude that, on balance, the state with the most significant connection to the injury to Plaintiffs' relationship is Nevada. See also Doe v. Nevada Crossing, Inc., 920 F.Supp. 164, 166 (D. Utah 1996) ("The substance of a claim for loss of consortium is the injury or breach of the spousal relationship."); Stutsman v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc., 546 A.2d 367, 373 (D.C. 1988) ("[T]he tort of loss of consortium is a distinct cause of action for injury to the marriage itself involving the prosecution of separate and independent rights . . . ."); Card v. American Brands Corp., 401 F. Supp. 1186, 1188 (S.D.N.Y. 1975) (Loss of consortium claim for an accident in Virginia was a claim of injury "to the marriage - an incident of Oregon.")

### 1. Loss of Consortium Claim

It is undisputed that Kay and Robert LaFlamme were married in 1968 and divorced in 1977. (Kay LaFlamme Dep. 11:24-12:5 (#48-1).) Though they never remarried, Kay and Robert LaFlamme have been living together on and off since 1977 and have been living together consistently since 2002. (Id. 12:5-18.) The Nevada Supreme Court has never addressed the question of whether an unmarried person can assert a loss of consortium claim. Safeway contends that Nevada, if given the opportunity to do so, would reach the same conclusion as California and hold that unmarried couples cannot assert loss of consortium claims. Plaintiffs do not argue that Nevada would recognize such a claim but instead urge us to not consider the

issue: "Given the uncertainty as to how the Nevada Supreme Court would rule, grant of summary judgment as to Robert's claim makes no sense in terms of sound judicial administration." (P.'s Opp. at 2 (#53).) We disagree. Plaintiffs chose to file their lawsuit in federal court and invoke our diversity jurisdiction. As Plaintiffs are likely aware, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 885 n.7 (9th Cir. 2000). The issue of whether Nevada would recognize a loss of consortium claim is one of law, and resolving the issue earlier in the litigation serves both the parties' and the court's interests. We now turn to the question of whether Nevada would recognize a loss of consortium claim for an unmarried person.

In Norman v. General Motors Corp., 628 F.Supp. 702 (D. Nev. 1986), we were faced with this precise issue and predicted that the "Nevada Supreme Court would not arbitrarily deny a claim for loss of consortium to a plaintiff who had been involved in a significant relationship." Id. at 706. Since we decided Norman, the Nevada Supreme Court has remained silent with respect to the question of whether a claim for loss of consortium is available to an unmarried plaintiff involved in a significant relationship. We cannot find, nor has Safeway presented, any compelling reason to deviate from Norman and we decline to do so. Thus, Safeway's "Motion for Partial Summary Judgment As To The Loss of Consortium Claim of Plaintiff Robert LaFlamme" (#48) will be denied. Nevertheless, because the

parties have not addressed the issue of whether Plaintiffs are involved in a "significant relationship" within the meaning of Norman this order is silent as to whether Plaintiffs' relationship is such that Robert can assert a loss of consortium claim. Our ruling today is limited to the issue of whether Nevada would recognize a loss of consortium claim asserted by an unmarried person. The parties may address the issue of whether Plaintiffs are involved in a "significant relationship" and thus whether Robert may assert a loss of consortium claim at trial.

### VI. Conclusion

Under Nevada's choice of law rules, California law governs Kay's negligence claim and Nevada law governs Robert's loss of consortium claim. Kay's negligence claim survives the present motion to dismiss because there remain issues of material fact with respect to whether the pallet was an open and obvious danger. Moreover, even if the pallet was open and obvious, Safeway may still have breached a duty to Kay. Finally, we predict that the Nevada Supreme Court would recognize a claim for loss of consortium for an unmarried person in a significant relationship.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant Safeway's "Motion for Partial Summary Judgment As To The Loss of Consortium Claim of Plaintiff Robert LaFlamme" (#48) is **DENIED**.

1  **IT IS FURTHER HEREBY ORDERED** that Defendant Safeway's "Motion
2  for Summary Judgment As To The Claim of Plaintiff Kay LaFlamme"
3  (#49) is **DENIED**.

7  DATED: December  3 , 2010.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

13